IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **HARK'N TECHNOLOGIES, INC.,** a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**CROSSOVER SYMMETRY,** a Colorado registered dba; **FITWORKS, INC.,** a Colorado corporation; and **DUGGAN MORAN,** an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:10cv81<br><br><br>Chief District Judge Ted Stewart<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Crossover Symmetry, Fitworks, Inc., and Duggan Moran's (collectively, "Defendants") motion for leave to take limited fact discovery.[2] The court has carefully reviewed the motion and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 41.

[2] *See* docket no. 50.

Defendants seek leave to take limited fact discovery. Specifically, Defendants are requesting that the court allow them to (1) propound one additional set of document requests, not exceeding 20 requests; and (2) take or retake the depositions of Hark'n Technologies, Inc. ("Plaintiff"), Shon Harker, Luther Perkins, and Gary Harker, not to exceed 3.5 hours each. The basis for Defendants' motion is that they claim that they were not aware that Plaintiff would be using experts in this case until after the expiration of the fact discovery deadline. As such, Defendants conclude, they did not have an opportunity to conduct fact discovery on facts pertinent to Plaintiff's experts.

In response, Plaintiff sets forth several arguments against reopening fact discovery. Plaintiff asserts that Defendants have not demonstrated good cause to reopen fact discovery because Defendants' purported understanding that Plaintiff would not be utilizing experts was unreasonable. In support of this contention, Plaintiff sets forth the following facts: (1) the parties had agreed to a ninety-one day extension of the fact and expert discovery deadlines on June 10, 2011; (2) on October 17, 2011, Plaintiff's counsel asked Defendants' counsel to agree to "another [ninety-day] extension of dates" in the scheduling order;[3] and (3) on November 17, 2011, Plaintiff's counsel informed Defendants' counsel that it would be filing a motion "to extend the discovery deadlines in this case."[4] Because Plaintiff had used the plural "dates" and "deadlines" as well as the term "another" in its communications with Defendants' counsel,

---

[3] Docket no. 51, Exhibit A.

[4] *Id.*, Exhibit B.

Plaintiff asserts that Defendants could not have reasonably believed that Plaintiff was not going to use experts in this matter.

Plaintiff further argues that there is no excuse for Defendants' failure to diligently obtain discovery within the original time period because there are no new issues arising from Plaintiff disclosing its expert witnesses.  Plaintiff also contends that Defendants have waived any argument for reopening fact discovery because they failed to raise it in their two previous oppositions to Plaintiff's motions to amend the scheduling order.  And Plaintiff argues that it will be prejudiced by reopening fact discovery because Plaintiff will not be able to adequately prepare its expert witnesses and obtain the necessary expert reports.  Finally, Plaintiff argues that the requested discovery will not lead to relevant evidence.

Defendants reply by stating that Plaintiff's correspondence with Defendants' counsel in which Plaintiff sought to extend the discovery deadlines occurred after the deadline for disclosing experts had passed on October 3, 2011.  Defendants argue that they ought to be allowed to take the discovery they would have conducted had Plaintiff disclosed its experts by that deadline.  In addition, Defendants filed a supplemental memorandum in support of their motion on May 14, 2012.  In that memorandum, Defendants contend that Plaintiff's expert reports that were very recently provided to Defendants rely upon records previously undisclosed by Plaintiff and/or the expert reports are incomplete because of a purported lack of information.  As such, Defendants conclude, this court should reopen fact discovery for the requested limited purpose.

The Tenth Circuit set forth the following factors for a trial court to consider in determining whether a party has shown good cause to reopen fact discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and, 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  The court will now address the above-mentioned factors in relation to the circumstances presented.

The court concludes that Defendants have demonstrated good cause for reopening fact discovery.  First, trial is not imminent in this matter as it is not scheduled to begin until February 25, 2013.  Second, while Plaintiff opposes the request to reopen fact discovery, it appears that it is doing so primarily because Defendants opposed Plaintiff's previous motions to modify the scheduling order.  This is not a reasonable basis for opposing Defendants' motion.  Third, although Plaintiff contends that it will be prejudiced by reopening fact discovery because it will not be able to adequately prepare its expert witnesses and obtain the necessary expert reports, the court is not persuaded by this argument.  Again, trial in this matter is not set to begin for another nine months.  Plaintiff has sufficient time to prepare its expert witnesses.  And, as explained below, Plaintiff will have an opportunity to prepare and submit expert counter reports if necessary.  Fourth, the court concludes that Defendants have been diligent in pursuing discovery in this matter based on the November 29, 2011 fact discovery deadline and in light of Plaintiff's failure to disclose experts until one month after the close of that deadline.  Fifth, the need for the additional requested fact discovery was not readily foreseeable because Plaintiff failed to

disclose expert witnesses prior to the October 3, 2011 disclosure deadline and did not request an extension of any deadlines until two weeks after that expert disclosure deadline.  It was not until November 29, 2011, that Plaintiff moved the court for an order amending the scheduling order, including the expert disclosure deadline.  And Plaintiff did not identify its experts until January 4, 2012, more than a month after the close of fact discovery.  Based on Plaintiff's actions, Defendants could not have foreseen the need for further fact discovery.  And finally, the additional discovery sought is relevant because Defendants' request is limited to facts related to Plaintiff's experts' opinions.

Based on the foregoing, Defendants' motion to reopen fact discovery for the limited purpose set forth in said motion[5] is **GRANTED**.  The fact discovery deadline is reset to July 17, 2012.  In addition, Defendants filed a motion to extend the deadline for expert counter reports.  Because the court has reopened fact discovery related to experts and for good cause appearing, Defendants' motion to extend the counter report deadline[6] is also **GRANTED**.  The counter report deadline is extended to August 7, 2012.

**IT IS SO ORDERED.**

DATED this 18th day of May, 2012.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 50.

[6] *See* docket no. 55.