IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC., a Utah Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CROSSOVER SYMMETRY, a Colorado registered DBA; FITWORKS, INC., a Colorado corporation; and DUGGAN MORAN, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR CLARIFICATION OF ORDER, EXCLUSION, AND PRE-TRIAL VOIR DIRE HEARING OF PLAINTIFF'S EXPERT PRESTON C. REGEHR<br><br>Case No. 1:10-CV-81 |

This matter is before the Court on Defendants' Motion for Clarification of Order, Exclusion, and Pre-trial Voir Dire Hearing of Plaintiff's Expert Preston C. Regehr.

1

## I.  PROCEDURAL BACKGROUND

On August 16, 2012, Defendants filed a motion to strike the expert report of Preston Regehr and exclude him as an expert.  This Court found that

> Mr. Regehr is qualified as an expert due to the knowledge, skill, experience, and training he has received as a result of his greater than 20 years of experience working on matters of intellectual property, trade dress, and product branding. The Court therefore finds Mr. Regehr's report to be sufficiently reliable to merit Mr. Regehr testifying at trial.  While Mr. Regehr's report does contain legal analysis and legal conclusions as testimony, such testimony will not be allowed at trial.  Mr. Regehr may make reference to the law, but will not be allowed to testify on legal issues or as to the ultimate issue for the jury's decision.[1]

Defendants filed this Motion seeking clarification on the extent that Mr. Regehr's proposed testimony would be considered impermissible legal analysis and conclusions.  To that end, Defendants request the ability to examine Mr. Regehr's testimony and *Daubert* limitations in an in camera voir dire examination.

## II.  DISCUSSION

Under Fed. R. Evid. 702, an expert with sufficient "knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if . . . the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue" and is based on reliable information that has been applied through reliable principles.

"[M]erely being a lawyer does not disqualify one as an expert witness.  Lawyers may testify as to legal matters when those matters involve questions of fact."[2]  When considering the issue of whether an attorney should be allowed to testify regarding legal matters, the Tenth

---

[1] Docket No. 94, at 9-10.

[2] *Askanase v. Fatjo*, 130 F.3d 657, 672 (5th Cir. 1997).

Circuit has found that

> an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.[3]

The Court has already found that Mr. Regehr has specialized knowledge and experience working with product branding and trade dress such that he qualifies as an expert in these fields.[4] In their briefing, Defendants present the same arguments about Mr. Regehr's qualifications that the Court considered in its earlier ruling. The Court sees no reason to reconsider its earlier findings.

Defendants also now appear to want the Court to conduct a hearing, not only to determine Mr. Regehr's qualifications to testify as an expert, but to hear Mr. Regehr's testimony and delineate exactly what testimony Mr. Regehr is allowed to give and what testimony he is not allowed to give. The Court has already held that although "Mr. Regehr's report does contain legal analysis and legal conclusions as testimony, such testimony will not be allowed at trial. Mr. Regehr may make reference to the law, but will not be allowed to testify on legal issues or as to the ultimate issue for the jury's decision."[5] The Court sees no need to clarify these boundaries at this time. If necessary, Defendants can raise appropriate objections at trial.

---

[3]*Specht v. Jensen,* 853 F.2d 805, 809-10 (10th Cir. 1988).

[4]Docket No. 94, at 9.

[5]*Id.* at 9-10.

## III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Clarification of Order, Exclusion, and Pre-trial Voir Dire Hearing on Plaintiff's Expert Preston C. Regehr (Docket No. 105) is DENIED.

DATED   February 21, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge