IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSOVER SYMMETRY, a Colorado registered DBA; FITWORKS, INC., a Colorado corporation; and DUGGAN MORAN, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF ALLEGED CONSPIRACY<br><br><br><br>Case No. 1:10-CV-81 TS |

This matter is before the Court on Defendants' Motion in Limine No. 3 to Exclude Evidence of Alleged Conspiracy.[1]  Defendants move the Court to exclude from trial any arguments or evidence of an alleged conspiracy between Duggan Morran and former employees or perceived competitors of Plaintiff Hark'n Technologies, Inc.  Plaintiff contends that the Court should deny Defendants' Motion because it lacks specificity as to the evidence to be excluded.

---

[1]Docket No. 118.

1

Defendants' Motion is premised on their assertion that any argument or evidence of an alleged conspiracy is irrelevant and violates the proscriptions of Federal Rule of Evidence 403. "The threshold requirement for the admission of evidence is that it have some probative value."[2] Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Here, Defendants have not identified any specific items of evidence to be barred as irrelevant or improper under Rule 403.  Further, to the extent Defendants seek to bar any argument or evidence demonstrating bias on the part of its fact witnesses, the Court finds such to have probative value that is not outweighed by any Rule 403 concerns.  The Court will therefore deny Defendants' Motion without prejudice, subject to Defendants' re-raising this argument as to specific evidence at trial.

It is therefore

ORDERED that Defendants' Motion in Limine No. 3 to Exclude Evidence of Alleged Conspiracy (Docket No. 118) is DENIED WITHOUT PREJUDICE.

---

[2]*Leprino Foods Co. v. Factory Mut. Ins. Co.*, 653 F.3d 1121, 1132 (10th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Evid. 401, 402.

DATED   February 21, 2013.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge