IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC., a Utah corporation,<br><br>    Plaintiff,<br><br><br><br>      vs.<br><br><br><br>CROSSOVER SYMMETRY, a Colorado registered DBA; FITWORKS, INC., a Colorado corporation, and DUGGAN MORAN, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 2<br><br><br><br><br><br>Case No. 1:10-CV-81 TS |

This matter is before the Court on Defendants' Motion in Limine No. 2.  Through their Motion, Defendants seek to preclude Plaintiff "from comparing the parties' respective products at issue on anything less than a 'total image or overall impression' or any basis that confuses or does not accurately reflect the trade dress at issue in this matter."[1]  Specifically, "Defendants seek an order precluding Plaintiff Tech from comparing any individual products or any subsets of its product line of sleeved elastic cords."

---

[1]Docket No. 117, at 2.

1

Defendants argue that Plaintiff's product is, or has been, sold in a color scheme that includes nine colors, but that at trial, Plaintiff may seek to compare individual cords.  "Plaintiff also may seek to define its trade dress by pointing only to a subset of its sleeved elastic cords . . . to exaggerate any similarity to Defendants' product line.  In addition, Plaintiff may seek to make comparisons of products outside of their respective packaging and absent their respective labeling."[2]  This, Defendants argue, "would be entirely misleading and improper."[3]

Defendants' Motion is based upon Federal Rules of Evidence 402 and 403.  Rule 402 provides that "[i]rrelevant evidence is not admissible."[4]  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[5]  Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[6]

Plaintiff has alleged a trade dress in:

sleeved elastics [ which] have a crinkled black sheath surrounding the elastic core and are color-coded on each end of the sheath with a matching latex junction cover. . . . [A] unique method of color-coding the junction covers of its sleeved elastics and handle straps . . . .  Furthermore, Hark'n Tech uses a unique

---

[2] *Id*.

[3] *Id*.

[4] Fed. R. Evid. 402.

[5] Fed. R. Evid. 401.

[6] Fed. R. Evid. 403.

color-coding scheme to indicate increasing elastic resistances of its sleeved elastic product line.  Hark'n Tech's unique color coding scheme is purple, yellow, red, blue, and green, which signify increased elastic resistance.[7]

Having reviewed the parties' arguments, the Court finds that Defendants have failed to show that an individual cord comparison or a comparison of products outside their respective packaging and absent their respective labeling is irrelevant.  Nor have Defendants shown that the probative value of such comparisons would be substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  The jury will be instructed on Plaintiff's claimed trade dress[8] and it will be for the jury to decide whether Defendants' products infringe that trade dress.

It is therefore

ORDERED that Defendants' Motion in Limine No. 2 (Docket No. 117) is DENIED.

DATED   February 21, 2013.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[7]Docket No. 94, at 13 (quoting Docket No. 73, Ex. H, at 2).

[8]*See* Docket No. 126, at 2; Docket No. 134, at 3.

3