IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSOVER SYMMETRY, a Colorado registered DBA; FITWORKS, INC., a Colorado corporation, and DUGGAN MORAN, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF ALTERNATIVE DESIGN POSSIBILITIES ALLEGEDLY AVAILABLE TO DEFENDANTS<br><br><br>Case No. 1:10-CV-81 TS |

This matter is before the Court on Defendants' Motion in Limine No. 5 to Exclude Evidence of Alternative Design Possibilities Allegedly Available to Defendants. Through their Motion, Defendants seek to preclude Plaintiff from arguing or presenting evidence at trial of "alternate designs that Plaintiff claims were available to Defendants as 'non-infringing'

1

alternatives in the context of the non-functionality analysis in this case."[1]

Defendants' Motion is based upon Federal Rules of Evidence 401, 402, and 403. Rule 402 provides that "[i]rrelevant evidence is not admissible."[2] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[3] Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[4]

Defendants argue that evidence of alternative designs available to Defendants is irrelevant and prejudicial because "the Supreme Court has reverted to a traditional formulation of functionality, and that formulation makes the availability of non-infringing alternatives irrelevant to the functionality analysis in this case."[5]

In *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, the Supreme Court overruled a holding that "a necessary test for functionality is 'whether the particular product configuration is a competitive necessity.'"[6] The Court found that "this was incorrect as a comprehensive

---

[1] Docket No. 120, at 1.

[2] Fed. R. Evid. 402.

[3] Fed. R. Evid. 401.

[4] Fed. R. Evid. 403.

[5] Docket No. 120, at 2.

[6] 532 U.S. 23, 32 (2001).

definition."[7]  Instead, the Court referenced its functionality definition in *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, finding that "a feature is also functional when it is essential to the use or purpose of the device or when it affects the cost or quality of the device."[8]  "Where the design is functional under the *Inwood* formulation there is no need to proceed further to consider if there is a competitive necessity for the feature."[9]

However, the Court did not find that an analysis of competitive necessity was not a valid or relevant test for functionality.  Instead, it found that a product feature could be found functional even if it did not qualify as competitive necessity.[10]  In *Trafix*, the Court found that a dual-spring design that had been covered by a utility patent was functional under the *Inwood* test.[11]  The Court found that, in that scenario, it was "unnecessary for competitors to explore designs to hide the springs . . . as suggested by the Court of Appeals."[12]  The Court went on to find that

> [i]n a case where a manufacturer seeks to protect arbitrary, incidental, or ornamental aspects of features of a product found in the patent claims, such as arbitrary curves in the legs or an ornamental pattern painted on the springs, a different result might obtain.  There the manufacturer could perhaps prove that

---

[7]*Id.* at 33.

[8]*Id.* (citing *Inwood Laboratories, Inc. v. Ives Laboritories, Inc.*, 456 U.S. 844, 851 n.10 (1982)).

[9]*Id.*

[10]*Id.* at 32-33.

[11]*Id.* at 34.

[12]*Id.*

those aspects do not serve a purpose within the terms of the utility patent.[13]

This case currently before the Court is not a case like *Trafix*, where the functionality of the product turns on the functionality of one single feature. Here, Plaintiff alleges trade dress in:

> sleeved elastics [which] have a crinkled black sheath surrounding the elastic core and are color-coded on each end of the sheath with a matching latex junction cover. . . . [A] unique method of color-coding the junction covers of its sleeved elastics and handle straps . . . . Furthermore, Hark'n Tech uses a unique color-coding scheme to indicate increasing elastic resistances of its sleeved elastic product line. Hark'n Tech's unique color coding scheme is purple, yellow, red, blue, and green, which signify increased elastic resistance.[14]

This Court has already found that, in this case, "'the appropriate inquiry is not whether each individual feature of the trade dress is functional but whether the whole collection of features, taken together, is functional.'"[15]

Having reviewed the parties' arguments, the Court finds that Defendants have failed to show that evidence of alternative designs would necessarily be irrelevant in this case. Nor have Defendants shown that the probative value of such evidence would be substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. The Court will deny this Motion without prejudice to Defendants raising objections to specific evidence at trial.

---

[13]*Id.*

[14]Docket No. 94, at 13 (quoting Docket No. 73, Ex. H, at 2).

[15]*Id.* at 18 (quoting *Hartford House, Ltd. v. Hallmark Cards, Inc.*, 846 F.2d 1268, 1272 (10th Cir. 1988)).

It is therefore

ORDERED that Defendants' Motion in Limine No. 5 to Exclude Evidence of Alternative Design Possibilities Allegedly Available to Defendants (Docket No. 120) IS DENIED WITHOUT PREJUDICE.

DATED   February 21, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge